# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

GULF GUARANTY EMPLOYEE
BENEFIT SERVICES, INC.                                                          PLAINTIFF

VS.                                                   CIVIL ACTION NO. 3:09-cv-641-HTW-LRA

EMPLOYEE BENEFIT SERVICES, INC.,
JOHN SLATER, LINDA JORDAN,
ANDREA D. HALE, MARY VANDERFORD
AND BENNY MARDIS                                                               DEFENDANTS

## ORDER CONCERNING MOTIONS OF PLAINTIFF
## AND DEFENDANTS FOR INJUNCTIVE RELIEF

This cause came to be heard on Plaintiff's Motion for Temporary Injunction and/or Preliminary Injunction and Defendants' Cross Motion for Temporary Restraining Order and/or Preliminary Injunction . The court, being fully informed, finds and orders as follows:

1. Defendant Linda Jordan emailed from Gulf Guaranty Employee Benefit Services, Inc. ("GGEBS") certain forms, documents and information, allegedly including customer lists and allegedly containing protected HIPAA information and sent it to certain employees of Employee Benefit Services ("EBS").

2. On or about October 8, 2008, Defendant John Slater discovered that information apparently from GGEBS was on the computer server of EBS and immediately instructed the deletion and/or destruction of all said information. Slater also instructed employees of EBS not to use any said information in its business dealings with customers and prospective customers of EBS and has represented that such information was not used. Defendants shall delete any and all remaining electronic information if any remains on their system and shall return to GGEBS any

information and/or documents of GGEBS which Defendants may possess in hard copy or paper form.

3. There is no non-compete agreement between the parties, and GGEBS and EBS are free to compete with each other for business; but EBS and EBS' employees cannot utilize GGEBS' forms, documents and information to compete for business now or at any time in the future.

4. HIPAA's notification requirements are not implicated because the GGEBS' documents, forms and information transmitted by Linda Jordan and received by EBS have been destroyed, and any personal health and/or medical plan information contained therein was not compromised.

5. GGEBS shall file an Amended Complaint and delete any reference that Defendants "stole" documents and information from GGEBS.

It is therefore Ordered that Defendants are enjoined from using any GGEBS documents, forms or information in any of it's business dealings. Defendants are ordered to delete and/or destroy any GGEBS documents and any information taken by and received from Linda Jordan and to return to GGEBS any documents or information that may be in paper form. It is also ordered that GGEBS does not have to comply further with HIPAA's notification requirements. And it is further ordered that GGEBS will be allowed to and shall file an Amended Complaint, and delete any reference that Defendants stole documents from GGEBS. Finally, it is hereby ordered that EBS and John Slater are free to compete with GGEBS and to solicit GGEBS's customers including, without limitation, those customers of GGEBS in existence as of September 2009, but EBS and EBS employees shall not utilize GGEBS' forms, documents, and

information to compete with GGEBS now or at any time in the future, and GGEBS is free to compete with EBS in maintaining its present customers and in soliciting any EBS's customers.

So Ordered this the 30th day of November, 2009.

**S/ HENRY T. WINGATE**

_____
**UNITED STATES DISTRICT COURT JUDGE**